**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TU THIEN THE, INC., a California corporation, <br><br>        Plaintiff-counter-defendant - Appellee, <br><br>  and <br><br> HUONG THANH NGUYEN, an individual, AKA Hai Le, <br><br>        Counter-defendant - Appellee, <br><br> v. <br><br> TU THIEN TELECOM, INC., a California corporation; LAM NGUYEN, <br><br>        Defendants-counter-claimants - Appellants. | No.   14-56487 <br><br> D.C. No. <br> 2:11-cv-09899-MWF-JEM <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 5, 2016[**]
Pasadena, California

Before: KOZINSKI and WARDLAW, Circuit Judges, and BENCIVENGO,[***] District Judge.

Tu Thien Telecom, Inc. and Lam Nguyen appeal the district court's order enhancing the actual damages awarded by the jury and declining to reduce the jury's award of disgorged profits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in enhancing the damages awarded by the jury from $500,000 to $750,000. The district court is permitted to enhance a judgment by up to three times the actual damages found, but the judgment assessed "shall constitute compensation and not a penalty." 15 U.S.C. § 1117(a). In awarding damages, the court may consider any loss of reputation and goodwill, including "a plaintiff's expenditures in building its reputation . . . after a defendant's bad acts." *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1112 (9th Cir. 2012). Furthermore, a district court is permitted to consider the "likely deterrent effect" of the damages assessed. *Faberge, Inc. v. Saxony Prods., Inc.*,

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

2

605 F.2d 426, 429 (9th Cir. 1979). Here, the district court determined that "the 'circumstances of the case' warrant a small increase" in damages, *see* 15 U.S.C. § 1117(a), because "[t]he jury found that Defendants acted willfully or in bad faith" and because "the damages do not account for the intangible harm to Plaintiff's reputation and goodwill." Additionally, the district court noted in its order that damages assessed "shall constitute compensation and not a penalty." Because the district court's order reveals that the goals of the enhanced award were to compensate for reputational harm and to deter future misconduct, not to penalize prior bad acts, the enhancement was not an abuse of discretion.

2. The district court did not err in declining to *sua sponte* reduce the award of disgorged profits in the amount of $668,000. Assuming the issue was preserved, we conclude that the district court did not abuse its discretion by sustaining the disgorged profit. Defendants bore the burden of proving any deductions from the assessment of defendants' profits. 15 U.S.C. § 1117(a). In reviewing a jury's award of disgorged profits, the district court "only ascertain[s] whether the award was based on reasonable inferences and fair assessments of the evidence in the record." *Skydive*, 673 F.3d at 1113. Though defendants claimed to have operated at a loss every year, defendants failed to document certain costs, including defendants' largest expense, the cost of purchasing minutes from

3

Vietnam. In addition, defendants did not account for inconsistencies in their testimony, such as why they maintained an unprofitable business for years or why defendant Lam Nguyen paid thousands of dollars for a failing company. The jury could have reasonably rejected defendants' accounting of expenses and credited plaintiffs' argument that defendants "were not honest about what their operating costs were." The district court therefore did not abuse its discretion in declining to disturb the jury's award of disgorged profits.

**AFFIRMED.**